CLOSED

# U.S. District Court
## Eastern District of California - Live System (Fresno)
## CRIMINAL DOCKET FOR CASE #: 1:21-mj-00007-SKO All Defendants

Case title: USA v. Dearing          Date Filed: 02/08/2021

Assigned to: Magistrate Judge Sheila
K. Oberto.

**Defendant (1)**

**Deven Richard Dearing**      represented by **Matthew Lemke**
Office Of The Federal Defender
2300 Tulare Street
Suite 330
Fresno, CA 93721
559-487-5561
Fax: 559-487-5950
Email: matthew_lemke@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pending Counts**          **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**          **Disposition**
None

**Highest Offense Level
(Terminated)**
None

**Complaints**          **Disposition**
RULE 5(c)(3)

**Plaintiff**

**USA**                                    represented by **Joseph Barton**
U.S. Attorney's Office
2500 Tulare Street, Suite 4401
Fresno, CA 93721
559-497-4000
Email: joseph.barton@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/05/2021 | 1 | RULE 5(c)(3) ARREST and DOCUMENTS RECEIVED from Oregon. Case 6:21-MJ-00022-MK as to Deven Richard Dearing (1). (Flores, E) (Entered: 02/08/2021) |
| 02/05/2021 | 2 | ORDER to UNSEAL COMPLAINT signed by Magistrate Judge Mark D. Clarke. (Flores, E) (Entered: 02/08/2021) |
| 02/05/2021 | 3 | SEALED EVENT. (Flores, E) (Entered: 02/08/2021) |
| 02/08/2021 | 4 | MINUTES (Text Only) for proceedings held via video conference before Magistrate Judge Sheila K. Oberto: INITIAL APPEARANCE in RULE 5(c)(3) PROCEEDINGS as to Deven Richard Dearing held on 2/8/2021. The Court noted the hearing was being conducted via video conference pursuant to General Order 614 and 620 and the CARES Act. Defendant and counsel consented to the appearance by video. Financial affidavit submitted on behalf of defendant. The Court appoints a Federal Defender to represent defendant. The defendant is advised of the charges, maximum penalties and rights. Defendant acknowledged receipt of violation petition and waives formal reading. Denial of alleged accusations. ID Hearing, Rule 20 transfer and preliminary hearing waived; Detention Hearing set for 2/10/2021 at 02:00 PM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto. Defendant is Temporarily detained until further Order of the Court. The court instructed government counsel under Rule 5(f) to comply with its disclosure obligations under *Brady v. Maryland.* Government Counsel: Joe Barton present. Defense Counsel: Matthew Lemke present. Custody Status: CUSTODY. Court Reporter: Karen Hooven. (Kusamura, W) (Entered: 02/08/2021) |
| 02/09/2021 | 6 | STIPULATION and PROPOSED ORDER for Detention Hearing Continuance. Attorney Lemke, Matthew added. (Lemke, Matthew) (Entered: 02/09/2021) |
| 02/09/2021 | 7 | STIPULATION and ORDER as to Deven Richard Dearing to CONTINUE the Detention Hearing currently set for 2/10/2021 to |

| | | |
|---|---|---|
| | | 2/17/2021 at 02:00 PM in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone. Order signed by Magistrate Judge Sheila K. Oberto on 2/9/2021. (Kusamura, W) (Entered: 02/09/2021) |
| 02/17/2021 | 8 | MINUTES (Text Only) for proceedings held via video conference before Magistrate Judge Stanley A. Boone: DETENTION HEARING as to Deven Richard Dearing held on 2/17/2021. Parties consent to appearing via video. The Government seeks detention. Defense counsel argues release. The Court sets a briefing schedule: Defendants to file by 2/18/2021 by 12:00 pm; Government to file reply 2/18/2021 by 5:00 pm. Further Detention Hearing set for 2/19/2021 at 02:00 PM in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone. Defendant is ordered to appear at the next hearing. Government Counsel: Joseph Barton via video present. Defense Counsel: Matthew Lemke via video present. Custody Status: (C) via video. Court Reporter/CD Number: R Lundy via video. (Hernandez, M) (Entered: 02/17/2021) |
| 02/18/2021 | 9 | MEMORANDUM by Deven Richard Dearing. *Supplement to Detention Hearing* (Lemke, Matthew) (Entered: 02/18/2021) |
| 02/18/2021 | 10 | OPPOSITION by USA. Attorney Barton, Joseph added. (Barton, Joseph) (Entered: 02/18/2021) |
| 02/19/2021 | 11 | MINUTES (Text Only) for proceedings held via video conference before Magistrate Judge Stanley A. Boone: DETENTION HEARING as to Deven Richard Dearing held on 2/19/2021. The parties consent to appearing by videoconference. The Government further addressed detention. Defense counsel argues release. The Court orders the defendant DETAINED and transported to the District of Oregon. Government Counsel: Joseph Barton via video present. Defense Counsel: Matthew Lemke via video present. Custody Status: (C) via video. Court Reporter/CD Number: R Lundy via video. (Hernandez, M) (Entered: 02/19/2021) |
| 02/22/2021 | 12 | COMMITMENT to ANOTHER DISTRICT signed by Magistrate Judge Stanley A. Boone on 2/19/2021 as to Deven Richard Dearing. Defendant committed to District of District of Oregon (Eugene). (Sant Agata, S) (Entered: 02/22/2021) |
| 02/22/2021 | 13 | TRANSMITTAL of DOCUMENTS re 12 Commitment to Another District on *2/22/2021* to * District of Oregon* *Attn: Clerk's Office* *405 E. Eighth Ave.* *Eugene, OR 97401*. *Electronic Documents: 1 to 12 * (Sant Agata, S) (Entered: 02/22/2021) |

1  HEATHER E. WILLIAMS, #122664
   Federal Defender
2  MATTHEW LEMKE, D.C. Bar #1023347
   Assistant Federal Defender
3  Designated Counsel for Service
   2300 Tulare Street, Suite 330
4  Fresno, CA  93721-2226
   Telephone: 559-487-5561/Fax: 559-487-5950
5
   Attorney for Defendant
6  DEVEN DEARING

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,          Case No.  1:21-mj-00007 SKO

12          Plaintiff,                **STIPULATION TO CONTINUE**
                                      **DETENTION HEARING; AND**
13 vs.                                **[PROPOSED] ORDER**

14 DEVEN DEARING,

15          Defendant.

16

17

18      **IT IS HEREBY STIPULATED** by and between the parties hereto, and through their

19 respective attorneys of record, that the detention hearing set for Wednesday, February 10, 2021,

20 before the Honorable Sheila K. Oberto, be continued to Wednesday, February 17, 2021.

21      The parties have agreed to continue the detention hearing at the request of the defendant,

22 who requests additional time in order to complete investigation, research, and arrange the remote

23 appearance of a potential third party custodian.  The parties agree that a February 17, 2021,

24 hearing will allow sufficient time for defense counsel to complete preparation and arrange the

25 appearance of any proposed third party custodians.  Accordingly, the parties request a

26 continuance to February 17, 2021.

27 / / /

28 / / /

1             Respectfully submitted,

2             HEATHER E. WILLIAMS
               Federal Defender

3

4  DATED: February 9, 2021   */s/ Matthew Lemke*
               MATTHEW LEMKE

5             Assistant Federal Defender
               Attorney for Defendant

6             DEVEN DEARING

7

8             MCGREGOR SCOTT
               United States Attorney

9

10  DATED: February 9, 2021   */s/ Joseph Barton*
               JOSEPH BARTON

11             Assistant U.S. Attorney
               Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] O R D E R**

2      GOOD CAUSE APPEARING, **IT IS HEREBY ORDERED** that the detention hearing

3  set for February 10, 2021, be continued to February 17, 2021, at 2:00 p.m.

4

5  DATED: _____

                                    _____
6                                   HON. SHEILA K. OBERTO
                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  HEATHER E. WILLIAMS, #122664
   Federal Defender
2  MATTHEW LEMKE, D.C. Bar #1023347
   Assistant Federal Defender
3  Designated Counsel for Service
   2300 Tulare Street, Suite 330
4  Fresno, CA  93721-2226
   Telephone: 559-487-5561/Fax: 559-487-5950
5
   Attorney for Defendant
6  DEVEN DEARING

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,            Case No.  1:21-mj-00007 SKO

12            Plaintiff,                **STIPULATION TO CONTINUE
                                        DETENTION HEARING; AND**
13 vs.                                  **ORDER**

14 DEVEN DEARING,

15            Defendant.

16

17

18        **IT IS HEREBY STIPULATED** by and between the parties hereto, and through their

19 respective attorneys of record, that the detention hearing set for Wednesday, February 10, 2021,

20 before the Honorable Sheila K. Oberto, be continued to Wednesday, February 17, 2021.

21        The parties have agreed to continue the detention hearing at the request of the defendant,

22 who requests additional time in order to complete investigation, research, and arrange the remote

23 appearance of a potential third party custodian.  The parties agree that a February 17, 2021,

24 hearing will allow sufficient time for defense counsel to complete preparation and arrange the

25 appearance of any proposed third party custodians.  Accordingly, the parties request a

26 continuance to February 17, 2021.

27 / / /

28 / / /

1                                         Respectfully submitted,

2                                         HEATHER E. WILLIAMS
                                          Federal Defender
3

4    DATED: February 9, 2021              /s/ Matthew Lemke
                                          MATTHEW LEMKE
5                                         Assistant Federal Defender
                                          Attorney for Defendant
6                                         DEVEN DEARING

7

8                                         MCGREGOR SCOTT
                                          United States Attorney
9

10   DATED: February 9, 2021              /s/ Joseph Barton
                                          JOSEPH BARTON
11                                        Assistant U.S. Attorney
                                          Attorney for Plaintiff
12

13

14

15

16                            **O R D E R**

17          GOOD CAUSE APPEARING, **IT IS HEREBY ORDERED** that the detention hearing

18   set for February 10, 2021, be continued to February 17, 2021, at 2:00 p.m.

19

20   IT IS SO ORDERED.

21   Dated:   **February 9, 2021**              /s/ *Sheila K. Oberto*

22                                         UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

Dearing / Stipulation to Continue          -2-
Detention Hearing

1   HEATHER E. WILLIAMS, #122664
    Federal Defender
2   MATTHEW LEMKE, D.C. Bar #1023347
    Assistant Federal Defender
3   2300 Tulare Street, Suite 330
    Fresno, CA  93721
4   Telephone: (559) 487-5561
    Fax: (559) 487-5950
5
    Attorney for Defendant
6   DEVEN DEARING

7                     IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,        )   Case No.  1:21-mj-00007-SKO
                                     )
11                 Plaintiff,        )   **DEFENDANT DEVEN DEARING'S**
                                     )   **SUPPLEMENTAL BRIEFING TO**
12  vs.                              )   **THE  DETENTION HEARING**
                                     )
13  DEVEN DEARING,                   )   DATE:    February 19, 2021
                                     )   TIME:    2:00 p.m.
14                 Defendant.        )   JUDGE:  Hon. Stanley A. Boone
                                     )
15  _____ )   * Further oral argument requested *

16  **I.     BACKGROUND**

17         Deven Dearing is charged by complaint in the District of Oregon.  ECF No. 1.  Mr.

18  Dearing was arrested in the Eastern District of California and made his initial appearance before

19  the Court on February 8, 2021.  ECF No. 4.  At his initial appearance, a detention hearing was set

20  for February 10, 2021.  *Id.*  On February 9, 2021, the Court granted the parties' stipulation,

21  continuing Mr. Dearing's detention hearing to February 17, 2021.  ECF No. 7.

22         On the afternoon of February 17, 2021, shortly before the detention hearing, the

23  government disclosed to defense counsel and the Court that the complainant's mother wished to

24  participate in Mr. Dearing's detention hearing.  At the hearing, defense counsel objected to the

25  complainant's mother's ability to speak freely absent any inquiry or opportunity for cross

26  examination.  Defense counsel asked the Court to conduct an inquiry in order to ensure that the

27  individual's statements would relate to the relevant factors before the Court in the detention

28  hearing.  Counsel also argued that if the Court permitted the complainant's mother to provide

1   statements to the Court, that she should be subject to cross-examination.  In response, the Court

2   invited defense counsel to brief the issue on an expedited timetable and continued the matter to

3   Friday, February 19, 2021, at the parties' request.  ECF No. 8.

4   **II.   ARGUMENT**

5   If the complainant's mother wishes to participate in Mr. Dearing's detention hearing, this

6   Court should first conduct an inquiry to determine whether she intends to offer factual statements

7   or argument.  Counsel is not aware of any authority that excludes a qualifying individual under

8   the Crime Victims' Rights Act from detention hearing statutory requirements.  If the

9   complainant's mother intends to present factual information for the Court's consideration, she

10  should be subject to the same rules as any other pretrial detention hearing witness, including

11  submitting to cross-examination.

12  The issue of pretrial detention is governed by the Bail Reform Act ("BRA").  The Bail

13  Reform Act provides that if a detention hearing is held, defendants "shall be afforded an

14  opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the

15  hearing, and to present information by proffer or otherwise."  18 U.S.C. § 3142 (f).  Under the

16  BRA, parties may choose how to present information to the Court, but if live testimony is given,

17  the defendant has a statutory right to cross-examination.  *Id.*

18  The Crime Victims' Rights Act ("CVRA") expressly grants qualifying individuals

19  several rights, including the right to be "reasonably heard at any public proceeding in the district

20  court involving release. . ."  18 U.S.C.A. § 3771 (a)(4).  The CVRA does not define the term

21  "reasonably heard," nor does it set forth how the CVRA was intended to operate in the context of

22  the Bail Reform Act.  Counsel has been unable to identify any binding authority interpreting the

23  CVRA in the context of pretrial detention, however, in the sentencing context, the Ninth Circuit

24  has interpreted the Act to establish a *requirement* that qualifying individuals be permitted an

25  opportunity to allocute at sentencing.  *See Kenna v. U.S. Dist. Court for C.D.Cal.*, 435 F.3d 1011

26  (9th Cir. 2006).  Assuming that the CVRA imposes a similar requirement that qualifying

27  individuals be given the opportunity to participate in pretrial detention hearings, neither the

28

2

1    CVRA, Bail Reform Act, nor any of their corresponding rules set forth how this right to be heard

2    operates in the context of pretrial detention.

3           Absent express guidance on how the BRA and CVRA interact with each other, this Court

4    should try to harmonize the two statues so that both can be given effect.  A court "must read [two

5    allegedly conflicting] statutes to give effect to each if [it] can do so while preserving their sense

6    and purpose." *Watt v. Alaska*, 451 U.S. 259, 267 (1981).  Only if two different federal statutes

7    are "irreconcilably conflicting," or "if the later act covers the whole subject of the earlier one and

8    is clearly intended as a substitute," will courts apply the rule that the later of the two prevails.

9    *Watt*, 451 U.S. at 266; *Posadas v. National City Bank*, 296 U.S. 497, 503 (1936).  Here, the

10   Court should interpret the applicable CVRA provisions to provide qualifying individuals with the

11   opportunity to participate in proceedings within the applicable BRA statutory framework.

12          The Court should give each statute full effect and interpret the CVRA to require that

13   qualified individuals have an opportunity to participate in pretrial detention hearings, but that the

14   participation is subject to the constraints and parameters of the BRA statutory framework

15   governing detention hearings.  The Bail Reform Act and corresponding case law provide that

16   either party may elect to provide evidence to the Court by proffer, hearsay documents, or

17   testimony.  18 U.S.C. § 3142 (f).  However, if a party choses to offer evidence through live

18   statements, the individual providing those statements is subject to cross-examination.  *Id*.  While

19   the CVRA ensures that qualifying individuals have the opportunity to present information, the

20   text of the CVRA does not exclude those individuals from the statutory rules governing pretrial

21   detention proceedings.  The CVRA grants individuals rights in a number of different contexts,

22   but counsel is not aware of any authority in which a court has found that the CVRA excludes a

23   qualifying individual from the rules governing the particular context or hearing.  Indeed to reach

24   such a conclusion would be to create an atextual exemption from the BRA and thus

25   unnecessarily create conflict between the two statutes that is not provided for or supported by the

26   text.

27   / / /

28

3

1    Absent any express exemption, this Court should interpret the two statutes so as to avoid

2    any conflict.  Therefore, if the complainant's mother wishes to provide an oral statement for the

3    Court's consideration, she should be subject to the same procedural requirements as any other

4    individual offering an oral statement in this context.  If she wishes to provide statements of fact

5    for the Court's consideration, she should be subject to cross-examination and any other

6    applicable statutory requirements.  If she merely intends to provide argument, the argument must

7    be tethered to considerations properly before the Court in a pretrial detention hearing.  In order to

8    determine what procedural requirements apply, therefore, the Court must conduct an inquiry into

9    whether the complainant's mother intends to offer factual statements or argument.

10

11                                                  Respectfully submitted,

12

13                                                  HEATHER E. WILLIAMS
                                                    Federal Defender

14

15    Date: February 18, 2021               */s/ Matthew Lemke*_____
                                                    MATTHEW LEMKE
16                                                  Assistant Federal Defender
                                                    Attorney for Defendant
17                                                  DEVEN DEARING

18

19

20

21

22

23

24

25

26

27

28

4

McGREGOR W. SCOTT
United States Attorney
JOSEPH D. BARTON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>DEVEN RICHARD DEARING,<br><br>                              Defendant. | CASE NO.  1:21-MJ-00007-SKO<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION SEEKING TO CROSS-EXAMINE VICTIM AT DETENTION HEARING |

## I.    **INTRODUCTION**

For good cause, Defendant Deven Dearing is charged with sexual exploitation of a child and attempted , transportation of a minor with intent to engage in criminal sexual activity; receipt of child pornography; and possession of child pornography.  A detention hearing in this matter occurred on February 17, 2021, and a supplemental detention hearing is set for February 19, 2021 at 2:00pm regarding the issues outlined in Defendant's supplemental briefing.

The mother of the minor victim of the crimes outlined above has requested the opportunity to speak at the detention hearing.   Defendant believes that, if she speaks, she should be placed under oath and he should be allowed to cross-examine her.  Because the victim is simply exercising her right under the Crime Victim's Rights Act to be heard, and is not being called as a witness, she should not be sworn nor subject to cross.

1

## II.    FACTUAL BACKGROUND

On January 25, 2021, a complaint was filed in this case alleging the above offenses.  The description of the violations are enumerated above and the statutes specifically charged are, respectively, 18 U.S.C. § 2251(a) and (e); 18 U.S.C. § 2423(a); 18 U.S.C. § 2252(a)(2) and (b)(1); and 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  The relevant events in this matter took place over several months in 2020.

On January 29, 2021, Defendant was arrested in the Eastern District of California, where he resides.  He made his first appearance there on Monday, February 8, 2021, and requested that this Court set over the detention hearing for Wednesday, February 10, 2021.  Thereafter, by and through his counsel, Defendant sought an additional week to prepare for the detention hearing.  The Parties and the Court agreed to reset the hearing for February 17, 2021, for good cause shown.

At that hearing, the Court heard statements of the government in support of detention and from the Defendant opposing it.  The minor victim's mother ("the Mother") requested to address the Court as to the impacts of the events on the victim, the victim's fear, and her position on the Defendant's possible release.  The government arranged for her to call in to the hearing.  As the government's and Defendant's arguments concluded, and as the Mother prepared to speak, Defendant raised arguments to the Court concerning whether the Mother would be sworn in and whether he would be able to cross-examine her.  The Court requested the Defendant offer authority supporting these arguments.  The Court ordered supplemental briefing, which the Defendant filed on February 18, 2021, in Docket No. 9.

## III.    ARGUMENT

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, guarantees victims of federal crimes certain rights.  *See* 18 U.S.C. § 3771(a).  The CVRA defines a "crime victim" in relevant part as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e).  When the victim of a crime is a minor, the legal guardians of the victim "may assume the crime victim's rights." *Id.*  The Mother is entitled to those rights.

One of the rights victims have is "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18 U.S.C. § 3771(a)(4).  And the victim has "[t]he right to be treated with fairness and with respect for the victim's dignity and

privacy." *Id.* at § 3771(a)(8).   "In any court proceeding involving an offense against a crime victim, *the court shall ensure* that the crime victim is afforded [these rights]." 18 U.S.C. § 3771(b)(1) (emphasis added).

The purpose of the right to be reasonably heard is "'to allow the victim to appear personally and directly address the court.'"  *Kenna v. U.S. Dist. Court for the C.D. Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006) (citing the CVRA's legislative history at 150 Cong. Rec. S4268 (daily ed. April 22, 2004) (statement of Sen. Kyl)).  Consistent with that purpose, the Ninth Circuit has concluded that the "right to be reasonably heard" provides victims the right to speak at sentencing.  *Id.* at 1016-17; *see also United States v. Degenhardt*, 405 F. Supp. 2d 1341 (D. Utah 2005) (holding that the "right to be heard" provides victims the right to speak directly to the judge at sentencing, because to allow only written submissions would "defy the intentions of the CVRA's drafters . . . and disregard the rationales underlying victim allocution").   A similar right attaches to a detention hearing.  *See United States v. Turner*, 367 F. Supp. 2d 319, 333 (E.D. N.Y. 2005) (victims have the right to be heard at detention hearings).[1]

Whether it is a detention hearing, change of plea, or sentencing, crime victims should be allowed to present their victim impact statements in the form they choose—*e.g.,* orally, in writing, or presented by the attorney for the government.  *Kenna*, 435 F.3d at 1017; *see also* Senate Report No. 108-191 at *38 (2003) ("Victims should always be given the power to determine the form of the statement").   The right to be reasonably heard at certain public proceedings "means that the district court must hear from the victims, if they choose to speak."  *Kenna*, 435 F.3d at 1016.   And that right should not be stifled by the threat of cross-examination.

A victim exercising her right to speak does not have to be sworn in; the victim is not a witness.  *See United States v. Grigg*, 434 F. App'x. 530, 533 (6th Cir. 2011) (holding there is no requirement to

---

[1] Another case that addressed a victim's right to be heard at a detention hearing, concluded that a victim did not have the right to speak, but could provide a written statement to the Court that would be reviewed prior to the detention hearing.  *United States v. Marcello*, 370 F. Supp. 2d 745, 750 (N.D. Ill. 2005).  The crime in that case was a twenty-year-old murder and the individual seeking to speak was the murder victim's son.  That court's interpretation of the right "to be reasonably heard" is counter to the Ninth Circuit's analysis of the term in *Kenna*.

swear in CVRA victims).  As such, there is no requirement that a victim be subject to cross.  *See United States v. Green*, 718 F. App'x 141, 142 (3d Cir. 2018) (finding district court's decision not to allow defendant to crossexamine victim did not violate Confrontation Clause or due process).  In concluding that the defendant had no right to cross-examine a victim at sentencing, the Third Circuit recognized that the Confrontation Clause does not apply at sentencing and the Due Process Clause requires only a "minimal indicium" of reliability.  *Id.* at 142.

A similar analysis applies in the detention context.  The rules of evidence do not apply at a detention hearing, either party may proceed by proffer, and the use of hearsay does not violate the Confrontation Clause.  18 U.S.C. § 3142(f); *United States v. Cabrera-Ortigoza,* 196 F.R.D. 571, 573 (S.D. Cal. 2000) (both parties may proceed by proffer); *United States v. Hernandez*, 778 F. Supp. 2d. 1211 (D. N.M. 2011) (after analyzing case law, concluding *Crawford v. Washington* concerned trial rights and does not apply to detention hearings); *cf. Peterson v. California*, 604 F.3d 1166 (9th Cir. 2010) (holding that admission of hearsay at preliminary hearing does not violate Confrontation Clause).  While a defendant may cross-examine any witnesses called by the government at the detention hearing, the government is not required to call any witnesses.  And the defendant cannot cross-examine witnesses the government declines to call.  *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986)  Here, the government is not calling the victim as a witness.  Instead, the victim is making a statement pursuant to the CVRA.   Defendant has no right to cross-examine the victim.

Allowing the victim's mother the right to make a statement pursuant to the CVRA does not, as Defendant alleges, potentially conflict with the Bail Reform Act; the two Acts co-exist.   A detention hearing is not a trial and the attendant rights do not apply.[2]  Instead, a detention hearing allows the parties to proffer information outside the normal evidentiary limits at trial.   Congress has deemed that one type of information that can be provided is a victim's unsworn statement on the issue of release.   Much like the defendant's right at a detention hearing to proceed by proffer and avoid cross-examination, a victim has the right to proffer about the impact release would have.  *Cf. United States v.*

---

[2] The CVRA seemingly recognizes that trials are distinct from other proceedings.  A victim has no right to speak at a trial.  As such, they would only be heard at a trial if they were called as a witness and subject to cross-examination.

4

*Shrader,* No. 1:09–0270, 2010 WL 4781625, at *3 (S.D. W.Va. Nov.16, 2010) ("It is apparent that a victim has the right to speak at sentencing about the impact a defendant's criminal conduct has had upon her without being placed under oath and cross-examined just as a defendant has the right to allocute in mitigation of sentence.")

Simply because the Mother wishes to make the statement herself, orally at the detention hearing—as Congress has said she has a right to do, 18 U.S.C. § 3771(a)(4)—this invocation of her right should not artificially transform her into a witness, nor does the government offer her as one.  If she opted to submit a statement in writing or request that the government read a statement on her behalf, Defendant could not cross-examine her.  *See Winsor*, 785 F.2d at 756.  A defendant should not be able to silence a victim, or her mother, and deprive her of her rights under the CVRA by demanding cross-examination.

The victim's right to be treated with fairness and with respect for her dignity and privacy, 18 U.S.C. § 3771(a)(8), outweighs any potential benefit from defense questioning her through cross-examination.  This is a detention hearing, not a trial.  The victim is not a witness in the detention hearing.  If the Defendant wishes to proffer evidence in response to the victim's statement, he is free to do so.  *Cf. United States v. Castillo*, 476 F. App'x. 774, 775 (5th Cir. 2012) (holding defendant did not have a right to cross-examine a victim and indicating that defense counsel was able to indicate concerns despite limits on cross).  He is not entitled to subject her to cross-examination.

Ultimately, the Court is responsible for the appropriate implementation of the CVRA.  18 U.S.C. § 3771(b)(1).  The statute does not require courts to assign any particular weight to statements offered by a victim or, indeed, to consider them at all if the statements lack the requisite indicia of reliability or relevancy.  *U.S. v. Ortiz*, 636 F.3d 389, 393 (8th Cir. 2011).  The government now requests that the Court honor the Mother's rights and let her be heard in a manner that preserves her dignity and privacy.

If the Court determines that the witness will be subject to cross, the government will inform the victim and determine if the victim would instead prefer to offer a written statement that the government can proffer.  If Defendant has evidence contrary to the information stated by the victim, he is free to proffer it.

IV.    **CONCLUSION**

The victim should be allowed to speak at the detention hearing in accordance with her rights under the CVRA, and she should neither be sworn in nor subjected to cross-examination.

Dated:  February 18, 2021                    McGREGOR W. SCOTT
                                             United States Attorney


                                      By:    /s/ *JOSEPH D. BARTON*
                                             JOSEPH D. BARTON
                                             Assistant United States Attorney

O AO 94   (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

### Eastern District of California

| UNITED STATES OF AMERICA | **COMMITMENT TO ANOTHER** |
|---|---|
| **V.** | **DISTRICT** |
| DEVEN RICHARD DEARING | Case No. *1:21-MJ-0007 |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 6:21-MJ-00022 MK | 1:21-MJ-0007 | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

_____Indictment          _____Information          _X_ Complaint _____Other (specify)

| **charging a violation of** | 18 | **U.S.C.** | 2251(a) and (e) ; 2423(a); 2252(a)(2) and (b)(1); 2252 (a)(4)(B) and (b)(2) |
|---|---|---|---|

**DISTRICT OF OFFENSE   DISTRICT OF EUGENE, OREGON**

**DESCRIPTION OF CHARGES:**

TRANSPORTATION OF A MINOR WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY; ATTEMPTED SEXUAL EXPLOITATION OF A CHILD; RECEIPT OF CHILD PRONOGRAPHY; POSSESSION OF CHILD PRONOGRAPHY

**CURRENT BOND STATUS:**

_____ Bail fixed at $_____          and conditions were not met

_X_ Government moved for detention and defendant detained after hearing in District of Arrest

_____ Government moved for detention and defendant detained pending detention hearing in District of Offense

_____ Other (specify)

| **Representation** | _____Retained Own Counsel     _X_ Federal Defender Organization     ___CJA Attorney     _____None |
|---|---|

| **Interpreter Required?** | _X_ No     _____Yes     Language:_____ |
|---|---|

**DISTRICT OF  CALIFORNIA**

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| **Feb 19, 2021** | |
|---|---|
| Date | United States Judge or Magistrate Judge |

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**OFFICE OF THE CLERK**
**2500 Tulare Street**
**Fresno, CA 93721**

**February 22, 2021**

District of Oregon
Attn: Clerk's Office
405 E. Eighth Ave.
Eugene, OR 97401

**RE:**        **USA  vs.  DEVEN RICHARD DEARING**
**USDC No.:**    **1:21–MJ–00007–SKO**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated February 22, 2021 ,
transmitted herewith are the following documents:

**Electronic Documents: 1 to 12**

Documents maintained electronically by the district court are accessible through PACER for the
Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Thank you,

/s/  **S. Sant Agata**
_____

Deputy Clerk

DATE RECEIVED: _____

RECEIVED BY: _____
                          *(Print Name)*

NEW CASE NUMBER: _____

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11 | UNITED STATES OF AMERICA,

12 |        Plaintiff,

13 |    v.

14 | DEVEN RICHARD DEARING,

15 |        Defendant.

Case No.  1:21-mj-00007-SKO

ORDER OVERRULING OBJECTION TO VICTIM STATEMENT AT DETENTION HEARING

16
17

**I.**

**BACKGROUND**

18
19
      On January 25, 2021, an arrest warrant issued for Deven Richard Dearing ("Defendant")

20
out of the District of Oregon.  (ECF No. 1.)  Defendant has been charged with attempted

21
exploitation of a child in violation of 18 U.S.C § 2251(a) and (e); transportation of a minor with

22
intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a); receipt of child

23
pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and possession of child

pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  (Id.)

24
      Defendant made an initial appearance on the complaint on February 8, 2021, was

25
temporarily detained, and a detention hearing was set for February 10, 2021.  (ECF No. 8.)  On

26
February 9, 2021, the parties stipulated to continuing the detention hearing and the hearing was

27
continued to February 17, 2021.  (ECF Nos. 6, 7.)  On February 17, 2021, counsel Matthew

28

1  Lemke appeared with Defendant by video; counsel Joseph Barton appeared by video for the

2  Government.  (ECF No. 8.)  During the detention hearing, the Government sought to proffer the

3  testimony of the victim's mother and Defendant objected on the ground that any factual

4  statements must be under oath and subject to cross examination.  The hearing was continued to

5  February 19, 2021, and the parties were granted the opportunity to provide briefing on the issue

6  of the victim's mother's testimony at the hearing.  On February 18, 2021, Defendant filed a brief,

7  and Defendant filed an opposition.  (ECF Nos. 9, 10.)

8      The detention hearing continued on February 19, 2021.  Counsel Matthew Lemke

9  appeared by video with Defendant and counsel Barton appeared by video for the Government.

10  Having considered the moving papers and the argument presented at the February 19, 2021

11  hearing, the Court overrules Defendant's objection for the reasons discussed below.

12                                          **II.**

13                                    **ANALYSIS**

14    **A.    Right of Victim to be Heard at Detention Hearing**

15      Defendant contends that if the victim's mother is allowed to testify at the hearing that an

16  inquiry first be conducted to determine if she intends to offer factual statements or argument.

17  Defendant asserts that if the mother is offering factual information, she should be subject to the

18  same rules as any other pretrial detention witness, including being subject to cross examination.

19  Defendant argues that the Court should try to harmonize the Bail Reform Act ("BRA") and

20  Crime Victim's Rights Act ("CVRA") and subject any victim testimony to cross examination.

21      The Government counters that under the CVRA, the victim has a right to be treated with

22  fairness and respect for her dignity and privacy and the court is to ensure that these rights are

23  afforded to the victim in any court proceedings involving an offense against the victim.  The

24  Government argues that the victim's right to be reasonably heard in these proceedings should not

25  be stifled by the threat of cross examination.   The Government argues that there is no

26  requirement that a victim be sworn in and subject to cross examination in this proceeding and the

27  victim is not being called as a witness, but is making a statement pursuant to the CVRA.  The

28  Government further argues that the right of the victim to speak at the hearing does not potentially

1  conflict with the BRA, but the two acts co-exist.  The Government contends that Congress has

2  deemed the type of information that can be provided is a victim's unsworn statement on the issue

3  of release and the victim has the right to proffer about the impact that release would have.

4       The CVRA provides for the right of a victim to "to be reasonably heard at any public

5  proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18

6  U.S.C.. § 3771(a)(4).  In any court proceeding involving an offense against the crime victim, the

7  Court shall ensure that the victim is afforded the rights described in subsection (a).  18 U.S.C. §

8  3771(b).  "The crime victim or the crime victim's lawful representative, and the attorney for the

9  Government may assert the rights described in subsection (a)."  18 U.S.C. § 3771(d)(1).  "Under

10  18 U.S.C. § 3771, victims are entitled to be heard in court, including on the question of whether

11  the defendant is to be released or remanded" and among other things, victims have been given

12  the opportunity to testify at a bail hearing."  United States v. Epstein, 425 F.Supp.3d 306, 309–10

13  (S.D.N.Y. 2019), appeal withdrawn, No. 19-2221, 2019 WL 5390016 (2d Cir. Aug. 21, 2019);

14  United States v. Turner, 367 F.Supp.2d 319, 333 (E.D.N.Y. 2005) (finding bail hearing

15  implicated right of victim to be heard under the CVRA).  Defendant does not argue that the

16  victim's statement is not appropriately considered at the bail hearing.

17       A "crime victim" is "a person directly and proximately harmed as a result of the

18  commission of a Federal offense. . . ."  18 U.S.C. § 3771(e)(2)(A).  As relevant here, "[i]n the

19  case of a crime victim who is under 18 years of age . . . the legal guardians of the crime victim . .

20  . family members, or any other persons appointed as suitable by the court, may assume the crime

21  victim's rights under this chapter. . . ."  18 U.S.C. § 3771(e)(2)(b).  Since the victim in this

22  matter is a minor, under the CVRA her mother is entitled to be reasonably heard on her minor

23  daughter's behalf at the bail hearing on the matter of release.

24       Defendant argues that the BRA and CVRA conflict and therefore any statement should

25  be under oath and subject to cross examination.  The Government counters that the two acts co-

26  exist and there is no requirement that a victim's statement under the CVRA be sworn and subject

27  to cross examination and requiring such would conflict with the purpose of the CVRA.

28       Under the BRA, the defendant "shall be afforded an opportunity to testify, to present

3

witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise.  The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."  18 U.S.C. § 3142(f)(2(B).  Both parties may proceed in the detention hearing by way of proffer and the live testimony of witnesses is not required.  United States v. Cabrera-Ortigoza, 196 F.R.D. 571, 574 (S.D. Cal. 2000).  There is no constitutional right for a defendant to confront witnesses at a detention hearing.  United States v. Hernandez, 778 F.Supp.2d 1211, 1220 (D.N.M. 2011).

> In a detention hearing, the magistrate judge determines the weight of the proffer or whether other information, evidence or testimony is warranted.  The judicial officer presiding at the detention hearing is vested with discretion whether to allow defense counsel to call adverse witnesses.  "The defense may not call witnesses who ordinarily would be expected to testify for the government at trial, unless they can proffer to the court in reasonable detail how they expect that testimony to negate substantial probability."  The accused has no right to cross-examine adverse witnesses who have not been called to testify.  The defendant does not have the right to choose whether to proceed "by proffer or otherwise"  The Bail Reform Act of 1984 (18 U.S.C. 3142, et seq.) did not change preexisting law which allowed a judge to consider hearsay evidence when it was sufficiently reliable.  Without a proffer from the defendant that the government's proffered information is incorrect, the magistrate judge is not required to allow the defendant to cross-examine the investigators and police officers.

Cabrera-Ortigoza, 196 F.R.D. at 574 (internal citations omitted); see also United States v. Bibbs, 488 F.Supp.2d 925, 926 (N.D. Cal. 2007) (no Sixth Amendment right to confront witness at a detention hearing); Peterson v. California, 604 F.3d 1166, 1169-1170 (9th Cir. 2010) (denying defendant right of cross examination of witnesses at preliminary hearing does not violate the constitution).  The Government "may proceed in a detention hearing by proffer or hearsay" and the defendant "has no right to cross-examine adverse witnesses who have not been called to testify."  United States v. Winsor, 785 F.2d 755, 756 (9th Cir. 1986).

While Defendant argues that allowing a victim statement without requiring it to under oath and subject to cross examination would be inconsistent with the BRA, in this instance, the victim's mother is not being called by the Government to testify as a witness at the detention hearing.  The Government specifically asserted that it was not calling the mother as it witness and did not rely on or argue any factual allegations that the victim's mother asserted.  Rather, the Government relied solely on the facts that it had presented in seeking to have the defendant

1    detained.

2    Here, the victim sought to assert her right to be heard on the issue of whether the

3    defendant should be released as provided under the CVRA.  The CVRA made victims of crime

4    independent participants in the criminal justice process.  <u>Kenna v. U.S. Dist. Court for C.D. Cal.</u>,

5    435 F.3d 1011, 1013 (9th Cir. 2006); <u>see also</u> <u>Turner</u>, 367 F.Supp.2d at 322 ("[T]he CVRA gives

6    crime victims direct standing to vindicate their procedural and substantive rights in criminal

7    cases independently of prosecutors, <u>see</u> 18 U.S.C. § 3771(d), and also imposes on the judiciary

8    an affirmative obligation to 'ensure' that those rights are 'afforded.' " <u>Id.</u> § 3771(b).").

9    Defendant has not cited to a single case, nor does the Court find any case, holding that a

10    victim's statement must be given under oath and subject to cross examination.  The CVRA

11    clearly was enacted to make victims full participants in the proceedings and limiting victims to

12    written impact statements would treat them as secondary participants in the proceedings.  <u>Kenna</u>,

13    435 F.3d at 1016.  The CVRA gives victims the "right to be reasonably heard at any public

14    proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18

15    U.S.C. § 3771(a)(4).  "This language means that the district court must hear from the victims, if

16    they choose to speak, at more than one criminal [proceeding]."  <u>Kenna</u>, 435 F.3d at 1016.

17    The CVRA does not require that victim statements be given under oath and "[e]very

18    court that has examined this issue has held that there is no requirement to swear in CVRA

19    victims."  <u>United States v. Grigg</u>, 434 F. App'x 530, 533 (6th Cir. 2011).  Similarly, courts have

20    held that there is no right to cross examination victims who provide a victim statement at

21    sentencing.  <u>United States v. Green</u>, 718 F. App'x 141, 143 (3d Cir. 2018).

22    Allowing the defendant to cross examine the victim on her statement is contrary the

23    rights provided under the CVRA that the victim be "treated with fairness and with respect for the

24    victim's dignity and privacy."  18 U.S.C. § 3771(a)(8).  "[T]he Senate sponsors of the law were

25    clear in their articulation of the overall import of [this] provision: to promote a liberal reading of

26    the statute in favor of interpretations that promote victims' interest in fairness, respect, and

27    dignity.  'It is not the intent of this bill that its significance be whittled down or marginalized by

28    the courts or the executive branch.  This legislation is meant to correct, not continue, the legacy

1  of the poor treatment of crime victims in the criminal process.' " Turner, 367 F.Supp.2d at 335

2  (quoting Senate Debate at S4269 (statement of Sen. Feinstein)).  The Ninth Circuit has advised

3  district court to give full effect to the CVRA and encourages "district courts to modify their own

4  procedures so as to give full effect to the CVRA." Kenna, 435 F.3d at 1018.  Requiring the

5  victim to be subject to cross examination would be likely to inhibit victims from exercising their

6  rights under the CVRA and would be contrary to the Act.

7          At the February 19 hearing, Defendant also argued that the Court should conduct an

8  inquiry to ensure that the mother was speaking on behalf of her daughter citing to Turner.  In

9  Turner, the court was considering the proceedings that had occurred in a mail fraud case and

10  determining what was required to comply with the recently enacted CVRA.  Turner, 367 F.

11  Supp. 2d 319.  Specifically in determining who was entitled to notice under the CVRA, the court

12  would "follow an inclusive approach: absent an affirmative reason to think otherwise, I will

13  presume that any person whom the government asserts was harmed by conduct attributed to a

14  defendant, as well as any person who self-identifies as such, enjoys all of the procedural and

15  substantive rights set forth in § 3771." Id. at 327.  The court considered the legislative history of

16  section 3771(e)(2)(b) which allows for individuals other than the actual victim to assert the

17  statutory rights of the victim.  Id. at 329-331.

18          The court found that "[t]his provision appears to mean that where a surrogate is required

19  and one is available, that person will automatically 'assume the crime victim's rights' without

20  the need for any action by the court.  It is only where no such person can be identified-or,

21  presumably, where any such person is unwilling or unable to assume that role-that a court need

22  consider appointing a suitable surrogate." Id. at 329.  The court recognized that there may be

23  situations where an appropriate representative would be needed to assert the victim's rights and

24  there is an possible pitfall that this individual could have an agenda "beyond the interests of the

25  specific victim he represents." Id. at 330.  "To the extent that a court may find that such a

26  surrogate does not fully represent the victim's interests, or has an additional agenda he seeks to

27  advance by means of asserting the victim's rights, the court appears to have the authority to

28  determine that the surrogate is not a 'suitable' person to assume the victim's rights pursuant to

1   subsection (e), and therefore lacks standing to assert the victim's rights pursuant to subsection

2   (d)(1)." Id. at 331.

3        The CVRA provides that "[i]n the case of a crime victim who is under 18 years of age . . .

4   the legal guardians of the crime victim . . . family members, or any other persons appointed as

5   suitable by the court, may assume the crime victim's rights under this chapter. . . ." 18 U.S.C. §

6   3771(e)(2)(b).  Defendant cites to the complaint in which it was reported that the victim told the

7   defendant that she was abused at home to argue that the mother may not be asserting the victim's

8   rights.  However, Defendant has presented no evidence that the victim's mother was abusing the

9   minor or that she had any agenda other than asserting the minor's rights under the CVRA.  It is

10   undisputed that the witness was the mother of the victim and is therefore statutorily authorized

11   under section 3771 to assert the minor's rights under the CVRA.  Further, the Court is cognizant

12   that the CVRA authorized individuals who are not legally trained to assert the rights of the minor

13   and there is no requirement that such a foundation be established to allow a parent to speak on

14   behalf of a minor victim.  It would be inconsistent with the purposes of the CVRA to require the

15   minor and her parent to participate in such an evidentiary hearing and allow them to be further

16   victimized by answering questions about the relationships in the family.

17        Finally, in considering the factors under 18 U.S.C. § 3142, the Court made clear at the

18   hearing that it would only consider those factual allegations proffered by the Government in

19   seeking to detain the defendant, the parties were offered the opportunity to present evidence on

20   the issue of detention, and the Government did not rely on or argue any facts outside of those

21   given in the proffer, most of which were found in the criminal complaint.  Further, the

22   government stated at the hearing that it was not relying upon upon statemsnt given by the

23   victim's mother at the detention hearing.  Finally, consistent with the provision of section 3142,

24   ///

25   ///

26   ///

27   ///

28   ///

1  the Court only considered the evidence proffered by the Government in determining the issue of

2  detention.

3       Based on the foregoing, Defendant's objection to the statement of the victim's mother is

4  OVERRULED.

5

6  IT IS SO ORDERED.

7  Dated:  __**February 22, 2021**__

                        UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21 MJ 00007 SKO |
| Plaintiff, | |
| v. | **DETENTION ORDER** |
| DEVEN RICHARD DEARING, | |
| Defendant. | |

A.  <u>Order For Detention</u>

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

B.  <u>Statement Of Reasons For The Detention</u>

The Court orders the defendant's detention because it finds:

☐  By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒  By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

C.  <u>Findings of Fact</u>

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

☒  (1) Nature and Circumstances of the offense charged:

    ☒  (a) The crime,  violation of 18 U.S.C. Sec. 2252(a)(1) and 2423(a), is a serious crime and carries a maximum penalty of life

    ☒  (b) The offense is a crime of violence.

    ☐  (c) The offense involves a narcotic drug.

    ☐  (d) The offense involves a large amount of controlled substances.

☒  (2) The weight of the evidence against the defendant is high.

☒  (3) The history and characteristics of the defendant including:

    (a)   General Factors:

       ☐  The defendant appears to have a mental condition which may affect whether the defendant will appear.

       ☐  The defendant has no known family ties in the area.

       ☐  The defendant has no known steady employment.

       ☐  The defendant has no known substantial financial resources.

       ☒  The defendant is not a resident of the community in the District of Oregon.

       ☒  The defendant does not have any known significant community ties.

       ☒  Past conduct of the defendant :traveled to and from Oregon to pick up minor and outstanding Oregon state warrant

       ☐  The defendant has a history relating to drug abuse.

       ☐  The defendant has a history relating to alcohol abuse.

       ☐  The defendant has a significant prior criminal record.

       ☐  The defendant has a prior record of failure to appear at court proceedings.

       ☐  The defendant has a history of violating probation and/or parole.

Defendant: DEVEN RICHARD DEARING                                    Page 2 or 2
Case Number: 21 MJ 00007 SKO

    (b)  Whether the defendant was on probation, parole, or release by a court;

        At the time of the current arrest, the defendant was on:

        [ ]  Probation

        [ ]  Parole

        [ ]  Release pending trial, sentence, appeal or completion of sentence.

    (c)  Other Factors:

        [ ]  The defendant is an illegal alien and is subject to deportation.

        [ ]  The defendant is a legal alien and will be subject to deportation if convicted.

        [ ]  Other:

(4)    The nature and seriousness of the danger posed by the defendant's release are as follows:

(5)    Rebuttable Presumptions

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

[X]  a.    The crime charged is one described in § 3142(f)(1).

        [X]  (A) a crime of violence; or

        [ ]  (B) an offense for which the maximum penalty is life imprisonment or death; or

        [ ]  (C) a controlled substance violation that has a maximum penalty of ten years or more; or

        [ ]  (D) A felony after the defendant had been convicted of two or more prior offenses described in (A) through (C) above, and the defendant has a prior conviction of one of the crimes mentioned in (A) through (C) above which is less than five years old and which was committed while the defendant was on pretrial release

[X]  b.  There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed

        [ ]  in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,

        [ ]  the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,

        [ ]  the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or

        [ ]  an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.

        [X]  an offense involving a minor under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D.    <u>Additional Directives</u>

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

The defendant be afforded reasonable opportunity for private consultation with counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated:  __**February 22, 2021**__                               

                                    UNITED STATES MAGISTRATE JUDGE