

| | | |
|---|---|---|
| **PORTLAND MAIN OFFICE**<br>1000 SW Third Avenue, Suite 600<br>Portland, Oregon 97204<br>(503) 727-1000<br>www.usdoj.gov/usao/or<br><br>William M. McLaren<br>Assistant U.S. Attorney<br>william.mclaren@usdoj.gov<br>(541) 465-6771<br>*Reply to Eugene Office* | **U.S. DEPARTMENT OF JUSTICE**<br>United States Attorney's Office<br>District of Oregon<br>Scott E. Asphaug, United States Attorney | **EUGENE BRANCH**<br>405 E 8th Avenue, Suite 2400<br>Eugene, Oregon 97401<br>(541) 465-6771<br><br>**MEDFORD BRANCH**<br>310 West Sixth Street<br>Medford, Oregon 97501<br>(541) 776-3564 |

June 14, 2022

Kurt D. Hermansen
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, OR 97401

  Re: *United States v. Deven Richard Dearing*, Case No. 21-cr-00136-AA
     Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Counts One and Two of the Indictment, which charge him with (1) Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a) and (e); and (2) Transportation with Intent to Engage in Criminal Sexual Activity, in violation of Title 18, United States Code, Section 2423(a).

3. **Penalties**: The maximum penalty associated with Count One is thirty years of imprisonment, a mandatory minimum sentence of 15 years of imprisonment, a fine of $250,000, a term of supervised release from 5 years to life, and a $100 fee assessment. The maximum penalty associated with Count Two is life imprisonment, a mandatory minimum sentence of 10 years of imprisonment, a fine of $250,000, a term of supervised release from 5 years to life, and a $100 fee assessment. Count Two carries a $5,000 special fee assessment under 18 U.S.C. § 3014. Defendant will be required to register as a sex offender. Defendant may be required to pay mandatory restitution to the victim of his offense pursuant to 18 U.S.C. § 2259, and identified assets are subject to forfeiture under 18 U.S.C. § 2253.

Kurt D. Hermansen
Re: Deven R. Dearing Plea Agreement Letter
Page 2
June 14, 2022

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One, the government must prove the following elements beyond a reasonable doubt:

   i. First, between on or about June 2, 2020 and August 16, 2020, defendant employed, used, persuaded, induced, enticed, or coerced a minor, MV1, to engage in sexually explicit conduct as that term is defined in 18 U.S.C. § 2256;

   ii. Second, that the defendant did so for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct; and

   iii. Third, that the defendant knew or had reason to know that the depiction would be, or that it actually was, transported or transmitted using any means of facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce.

In order for defendant to be found guilty of Count Two, the government must prove the following elements beyond a reasonable doubt:

   i. First, between on or about August 20 and 21, 2020, defendant knowingly transported an individual in interstate commerce, specifically from Oregon to California;

   ii. Second, defendant did so with the intent that the individual engage in any sexual activity for which any person can be charged with a criminal offense; and

   iii. Third, the individual transported had not attained the age of 18 at the time.

Defendant admits the elements of the offenses alleged in Counts One and Two of the Indictment. Defendant stipulates that the government can prove each of the following facts beyond a reasonable doubt at trial:

Between on or about June 2, 2020, and August 16, 2020, Mr. Dearing, who was in the Eastern District of California, had extensive contact, primarily on social media, with MV1, who

Kurt D. Hermansen
Re: Deven R. Dearing Plea Agreement Letter
Page 3
June 14, 2022

had not attained the age of 18 and was in the District of Oregon. Early in their interactions, MV1 conveyed her age to Mr. Dearing, and Mr. Dearing acknowledged it.

In the ensuing months, Mr. Dearing repeatedly requested and received sexually explicit images and videos of MV1. Mr. Dearing transmitted those requests from California using a device connected to the internet and the requests were received by MV1 in Oregon. MV1 sent the sexually explicit images of MV1 to Mr. Dearing using a device connected to the internet, a facility of interstate or foreign commerce, as Mr. Dearing expected MV1 to do.

In August 2020, Mr. Dearing arranged to drive from his home in Mariposa County, California to pick up MV1 in the District of Oregon. On or about August 20, 2020, Mr. Dearing in fact drove to a city in the District of Oregon and retrieved MV1. During his drive north, Mr. Dearing sent numerous voice communications regarding his intent and plan to engage in sexual activity with MV1. After retrieving MV1 in Oregon and beginning the drive back south, Mr. Dearing stopped in a separate city in Oregon for a night. There, Mr. Dearing engaged in sexual conduct with MV1. On August 21, 2020, Mr. Dearing drove MV1 to Mariposa, California. Over the course of the ensuing week, while in Mariposa, California, Mr. Dearing engaged in sexual conduct with MV1.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: For sentencing purposes, the parties agree that the following guideline calculations presently apply in this case:

| | |
|---|---|
| Base offense level [USSG § 2G2.1(a)] | 32 |
| Sexual act [§ 2G2.1(a)(2)(A)] | +2 |
| Use of computer [§ 2G2.1(b)(1)(6)(B)(ii)] | +2 |
| Pattern of activity (Count One) [§ 4B1.5(b)(1)] | +5 |
| Combined offense level [§ 3D1.4(a)] | +2 |
| Acceptance of responsibility [§ 3E1.1(b)] | -3 |
| **Adjusted offense level** | **40** |

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant,

Revised July 2021

Kurt D. Hermansen
Re: Deven R. Dearing Plea Agreement Letter
Page 4
June 14, 2022

between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: Based on the negotiations between the parties and taking into account the factors set forth in 18 U.S.C. § 3553(a), the USAO and defendant will jointly recommend a 184-month prison sentence, even if 184 months is above or below the applicable advisory guideline range as ultimately determined by the Court.

Senior Deputy District Attorney Amie Matusko of the Benton County District Attorney's Office in Corvallis, Oregon has informed the USAO that if Mr. Dearing accepts this plea offer, pleads guilty to its terms, is sentenced federally to at least 184 months in prison, and Mr. Dearing pleads guilty to the charges in pending criminal case number 21CR03622 in Benton County, the Benton County District Attorney's Office will agree to recommend a sentence not to exceed 156 months in that case, to run concurrent to the federal sentence and concurrent to any sentence issued in the Mariposa County, California case, described below.

District Attorney Walter Wall of the Mariposa County District Attorney's Office in Mariposa, California has informed the USAO that if Mr. Dearing accepts this plea offer, pleads guilty to its terms, is sentenced federally to at least 184 months in prison, and Mr. Dearing pleads guilty to the charges in pending criminal case number 18331 in Mariposa County, the Mariposa County District Attorney's Office will agree to recommend a sentence not to exceed 52 months in that case, to run concurrent to the federal sentence and concurrent to any sentence issued in the Benton County, Oregon case, described above.

10. **Additional Departures, Adjustments, or Variances**: The parties agree not to seek any specific offense characteristics, departures or adjustments other than as specified in this agreement. As necessary, the parties will recommend a variance pursuant to 18 U.S.C. § 3553(a) to reach the jointly-recommended sentence of 184-month imprisonment.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court, except as necessary to reach the agreed-upon 184-month sentence. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion

Kurt D. Hermansen
Re: Deven R. Dearing Plea Agreement Letter
Page 5
June 14, 2022

under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Forfeiture Terms**:

    A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. §§ 2428 and 2253, including but not limited to one Samsung Galaxy Note 10+ cell phone, which defendant admits was used or intended to be used in any manner or part to commit or to promote the commission of the violations set for in the Indictment.

    B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

    C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

    D. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

    E. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

Kurt D. Hermansen
Re: Deven R. Dearing Plea Agreement Letter
Page 6
June 14, 2022

13.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to the victim in the full amount of the victim's losses as determined by the Court. The USAO will provide any restitution requests that are received to the defense and the Court and make any appropriate request for restitution.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt

Kurt D. Hermansen
Re: Deven R. Dearing Plea Agreement Letter
Page 7
June 14, 2022

defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

14. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

Kurt D. Hermansen
Re: Deven R. Dearing Plea Agreement Letter
Page 8
June 14, 2022

18. **Deadline**: This plea offer expires if not accepted by July 15, 2022.

                              Sincerely,

                              SCOTT ERIK ASPHAUG
                              United States Attorney

                              */s/ William M. McLaren*
                              WILLIAM M. McLAREN
                              Assistant United States Attorney

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

| 7/11/2022 | Kurt David Hermansen for |
|---|---|
| Date | Deven Richard Dearing, Defendant |

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

| 7/11/2022 | s/ Kurt David Hermansen |
|---|---|
| Date | Kurt D. Hermansen, Attorney for Defendant |