Kurt David Hermansen, CA Bar #166349
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
(541) 465-6937 Telephone
(541) 465-6975 Facsimile
Kurt_hermansen@fd.org

Attorney for Defendant

# United States District Court
# District of Oregon

| | |
|---|---|
| United States of America, | Case No. 6:21-cr-00136-AA |
| Plaintiff, | **Sentencing Memo** |
| v. | Sentencing Hearing: January 5, 2023, at 9:00 am via video conference |
| Deven Richard Dearing, | |
| Defendant. | |

## The person before the Court:

Deven Dearing turned 24 during the offense conduct. He has no prior criminal history.

Dearing was average throughout school and a late reader. He went through junior high and high school in a little town with average grades.

Page 1 – Sentencing Memo

He participated in the Grizzley fire program at Mariposa High School, which prepares students for a possible career in fire service. He excelled there and was promoted to captain and eventually battalion chief. During his junior high and high school years he was also active in Relay for Life and other community events. While attending school, he became a boy scout and achieved the rank of Eagle Scout, which is a rare accomplishment.

When Dearing turned eighteen, he joined the local volunteer fire department and obtained his EMT certification. He worked at Mercy Ambulance as an EMT driver and then at Chukchansi Casino as an EMT Security Guard. His last job before incarceration was as an EMT and safety officer on a drilling platform off the California coast.

When Dearing's maternal grandfather was diagnosed with cancer, Dearing and his sister (Sierra) were instrumental in helping their grandparents with anything they needed, day or night. Their grandfather fought cancer with determination, radiation, and chemotherapy, but succumbed to the disease on November 1, 2020.

Page 2 – Sentencing Memo

Starting in March of 2019, and around the time of the instant offense, Dearing had been renting a room in a storage building on his maternal grandparents' property. And Dearing was able to put his EMT training to good use in helping to care for his grandfather until his death.

Dearing acknowledges his guilt and realizes that he made an awful mistake. During his pre-sentence incarceration, he has grown as an individual. He shares books that his family sent to him, and he has taken an art class that has greatly improved his drawing skills. Because Dearing is relatively young, he would like to complete an apprenticeship program while in prison so that he'll leave prison with marketable job skills.

## A sentence of 187 months' prison for Dearing, a first-time offender, is sufficient but not greater than necessary, considering all 18 U.S.C. § 3553(a) factors.

A. the nature and circumstances of the offense and the history and characteristics of the defendant

The offense is obviously serious and the prosecution complex. PSR ¶¶ 2–3, 20–39. Because the continuous course of conduct that constitutes the offense crossed state lines and occurred in different counties, Dearing has pleaded guilty in Benton County, Oregon and Mariposa County,

Page 3 – Sentencing Memo

California, with the sentencing to run concurrent to the federal sentence in this case. PSR ¶¶ 12–13.

Despite the seriousness of the offense, Dearing's history and characteristics warrant a degree of leniency. Dearing is in Criminal History Category I, with ZERO criminal history points. PSR ¶ 62. Although Dearing is twenty-six now (having spent almost two years in presentence custody), he turned twenty-four-years old between his first contact with the victim and the culmination of the offense conduct. As individuals mature, the impetuousness and recklessness of younger years usually subsides. Thus, distinctive attributes of youth diminish the penological justifications for imposing the harshest sentences on youthful offenders, even when they commit terrible crimes. *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 2458 (2012). In fact, it is well established that the brain undergoes a rewiring process that is not complete until one's mid-twenties. Significant changes in brain anatomy and activity are still taking place during young adulthood, especially in prefrontal regions that are important for planning, anticipating the future consequences of one's

decisions, controlling impulses, and comparing risk and reward.[1] Given Dearing's age, the length of the proposed sentence, and his lack of drug use, the Court can rest assured that Dearing's brain will be fully matured well before his eventual release.

### B. The need for the sentence imposed—

1. **to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public**

Here, the recommended sentence exceeds fifteen years. By recommending 187 months, the defense is recommending seven months more than fifteen years. For a first-time offender, that huge sentence accounts for much more than half the years Dearing has been alive. That huge sentence constitutes just punishment that promotes respect for the law while protecting the public and affording adequate deterrence.

---

[1] *See* https://slate.com/technology/2022/11/brain-development-25-year-old-mature-myth.html (last visited Dec. 27, 2022) (chronicling why twenty-five is not a magic age for full brain development because everyone's brain's structural growth curves plateau at different ages based on a multitude of factors).

Page 5 – Sentencing Memo

2. **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

By asking for three months more than the PSR and plea agreement call for, the defense is seeking to ensure that Dearing will spend 100% of his time in federal custody without an Oregon Department of Corrections tail. Doing so will assist the BOP in appropriately placing Dearing in a facility that will provide treatment and training. Dearing also requests FCI Englewood for the reasons stated below.

3. **to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The proposed sentence avoids unwarranted sentencing disparities.

## Proposed Sentence

First, it is respectfully recommended that this Court impose a sentence of **187** months custody with five years' supervised release. The defense is recommending three months more than is recommended in the plea agreement and the PSR so that Dearing can maximize his chances of doing 100% of his time in federal custody without having to be

Page 6 – Sentencing Memo

transferred to the Oregon Department of Corrections at the end of his sentence.

Second, Dearing requests that the Court include a specific recommendation in the Judgment:

> ***"The Court recommends FCI Englewood, Colorado, to facility family visits because it is the closest Bureau of Prisons Sex Offender Management Program (SOMP) facility."***

The Bureau of Prisons offers three varieties of treatment programs for sex offenders, but those treatment programs are only offered at specifically designated Sex Offender Management Program (SOMP) facilities. FCI Englewood is a SOMP facility.

Respectfully submitted: December 28, 2022.

*s/ Kurt David Hermansen*
Kurt David Hermansen
Assistant Federal Public Defender

Page 7 – Sentencing Memo